UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN VOGENBERGER, on his
own behalf and all similarly
situated individuals,

      Plaintiff,

v.                    Case No: 2:14-cv-436-FtM-29CM

ATC FITNESS CAPE CORAL, LLC,
ATC FITNESS FORT MYERS, LLC,
ATC FITNESS FORT MYERS 2,
LLC, and 3F MANAGEMENT, LLC,
a      Florida      profit
corporation,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Enforce Settlement Agreement/Judgment and for Entry of Default Final Judgment (Doc. #42) filed on April 22, 2016. On May 6, 2016, Defendants filed a Motion in Opposition and Response to Plaintiff's Motion to Enforce Settlement Agreement/Judgment and for Entry of Default Judgment (Doc. #43), to which plaintiff filed a Reply (Doc. #47) on June 20, 2016. The Court heard oral argument on December 19, 2016.

### I.

On August 6, 2014, plaintiff Kevin Vogenberger ("Vogenberger") brought a claim against defendants ATC Fitness Cape Coral, LLC, ATC Fitness Fort Myers, LLC, ATC Fitness Fort

Myers 2, LLC, and 3F Management, LLC, for failure to pay overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"). (Doc. #1.) Following the initiation of the suit, four additional individuals filed notices of consent to join. (Docs. ##9, 10, 22, 29.) On January 22, 2015, Jennifer Holt withdrew her Notice of Consent to Join. (Doc. #35.)

The parties filed their initial Joint Motion for Approval of Settlement (Doc. #34) on January 15, 2015, which was denied without prejudice due to the failure to indicate that the attorneys' fees were negotiated separately and due to the failure to offer a basis for the incentive payment to Vogenberger (Doc. #36). On April 1, 2015, the parties filed a Second Joint Motion for Approval of Settlement. (Doc. #37.) On April 15, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Joint Motion be granted and the settlement approved as a fair and reasonable resolution of a bona fide dispute under the FLSA. (Doc. #38.) This Court issued an Opinion and Order on April 24, 2015 adopting the Report and Recommendation and granting the parties' Second Joint Motion for Approval of Settlement. (Doc. #40.) The settlement agreement required defendants to make an initial payment of $55,000 within ten (10) days of the Court's approval, and then pay the remaining amount in twelve (12) equal monthly installments. (Doc. #37-2.)

On April 22, 2016, plaintiff filed a Motion to Enforce the Settlement Agreement/Judgment and for Entry of Default Final Judgment.  (Doc. #42.)  Defendant filed a Motion in Opposition and Response to Plaintiff's Motion to Enforce Settlement Agreement (Doc. #43) on May 6, 2016, to which plaintiff filed a Reply (Doc. #47) on June 20, 2016.  On December 19, 2016, the Court held an evidentiary hearing on the Motion to Enforce Settlement Agreement. During the hearing, counsel for defendants argued that the Court lacked subject matter jurisdiction over the Motion to Enforce the Settlement Agreement/Judgment.   Neither party presented any evidence at the evidentiary hearing.

## II.

Federal courts have limited subject matter jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (citation omitted).  "When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." Disability Advocates & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc., 366 F. App'x 123, 125 (11th Cir. 2010) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-82 (1994)).  In Kokkonen,

when declining to enforce a settlement agreement absent an independent basis for federal subject matter jurisdiction, the Supreme Court stated:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. **The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.**

511 U.S. at 381 (emphasis added).

The parties have not presented, nor can the Court find, any independent basis for the exercise of subject matter jurisdiction over plaintiff's Motion to Enforce Settlement Agreement. Plaintiffs assert that the Court retained jurisdiction to enforce the settlement agreement because "the Court entered Judgment incorporating the terms of the settlement and directing the parties to distribute the Class Notice." (Doc. #42, ¶ 2.)

Here, the Court did not expressly retain jurisdiction. (See Doc. #40.) While the Court did approve the terms of the settlement agreement and include procedures relating to the distribution of the proposed Class Notice in its Order, the Court did not otherwise make the settlement agreement part of its Order. (Id.) The Court finds that there is no independent basis for the exercise of

subject matter jurisdiction over plaintiff's Motion to Enforce and that the Court did not retain jurisdiction, either expressly or by incorporation of the settlement agreement, over the settlement agreement.  Accordingly, plaintiff's Motion to Enforce Settlement Agreement/Judgment and for Entry of Default Final Judgment is dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Enforce Settlement Agreement/Judgment and for Entry of Default Final Judgment (Doc. #42) is **dismissed with prejudice** for lack of subject matter jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2016.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record